McRAE, Justice,
dissenting:
Yes, my prediction came true. The theoretical companion case to the case sub judice, Secretary of State v. Wiesenberg, 633 So.2d 987 (Miss.1994), decided last year by this Court but handed down concurrently with this case, holds that the 1989 Tidelands Legislation enacted by the Mississippi Legislature is constitutional; however, finding the Act, as adopted, to be unconstitutional, I dissented to the majority opinion. In my dissent, I projected that the case sub judice probably would be rendered moot since it was not considered and decided together with Secretary of State v. Wiesenberg, as it should have been. The majority has done exactly that in holding that there are no “unique issues of fact or law, [and] exposition of neither facts nor law is necessary for disposition.”
A review of Chancellor Stewart’s opinion in Wiesenberg reveals that the chancellor did not apply the Mississippi Constitution of 1890 to the 1989 Tidelands Act, since he summarily found the Act to be constitutional. Of interest, Karl Wiesenberg, an interested party and Pascagoula attorney, was allowed by this Court to intervene in the Wiesenberg case. He initially raised numerous constitutional violations, but Chancellor Stewart simply ignored the constitutional questions and dismissed Wiesenberg’s intervention sua sponte without ever addressing them. On the other hand, Chancellor Oswald, in the case sub judice, carefully studied the Act and applied it to Mississippi’s Constitution finding several violations as set out in my Wies-enberg dissent. He has personally viewed the property in question and has had the benefit of seeing the development of Chancellor Stewart’s case, thus presenting us with a *1006 better view of the constitutional issues raised by the Tidelands Act.
Chancellor Stewart admitted that the Tidelands Act is not perfect, but focused instead on the issues of finality and certainty to titles of land without applying the Mississippi Constitution to the Act. He further stated that in some instances, 1817 boundaries could be determined by the existing seawalls. While not always completely accurate, these boundaries would not be contested. The resolution of these imperfections is best left to the judiciary rather than to one individual. However, I fail to see how this Court or the Legislature can say arbitrarily that the 1976 mean tide line should be used as a measuring stick for property lines when, as Chancellor Oswald found, aerial photographs had been taken since 1946. In effect, the Act provides a “give away” to individuals who have adversely possessed the State’s land and rewards them for their actions. Most of this adverse possession has occurred since 1946. Further, Chancellor Oswald has found that the map adopted by the Secretary of State is incorrect, giving those who have adversely possessed the land every benefit of the doubt, and undeservedly rewarding them, without first applying our constitution. Even Secretary of State Molpus, who is charged with enforcing the Act, has taken the position that it is unconstitutional.
The majority plainly camouflages the issues at hand by determining they are now moot because of our decision in Wiesenberg. This decision, like Wiesenberg, continues to ignore Sections 14,159 and 160 of the Mississippi Constitution of 1890. Moreover, it rewards those who have adversely possessed land which rightfully belongs to the people of Mississippi. Since we have failed to accept our responsibility, the only recourse now appears to be application of the equal protection clause and other provisions of the United States Constitution as well as federal law to correct our errors. Accordingly, I dissent for the reasons set out previously in my dissent to Secretary of State v. Wiesenberg.